**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-cv-02544-DDD-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

v.

RAVINDER SINGH,

Plaintiff/Intervenor,

v.

GLOBAL MEDICAL RESPONSE, INC. et al.,

Defendants.

---

**DEFENDANTS' PARTIAL MOTION TO DISMISS SINGH'S FIRST AMENDED COMPLAINT**

---

Defendants/Subsidiaries,[1] ("collectively "Defendants") by and through counsel, Jackson Lewis P.C., herein resubmit their Partial Motion to Dismiss Plaintiff/Intervenor's First Amended Complaint in Intervention [ECF No. 63] pursuant to F.R.C.P. 12(b)(6) for failure to state a claim against 132 unconnected subsidiaries named as Defendants. Defendants refile their motion to include recently added parties who are now currently identified as subsidiaries, but which have been incorrectly included in this litigation and shall be included with the entities for which Defendants previously have moved to dismiss. [ECF No. 45].

[1] *See* **Exhibit A**, List of Defendants' Subsidiaries who collectively bring this Motion.

## INTRODUCTION

Plaintiff Singh has brought suit against 135 separate entities (parents and subsidiaries), almost all of which are subsidiary companies for which Singh never worked, claiming that these subsidiaries applied unlawful practices through "interrelated operations," with the company for whom Singh actually worked. Defendants have answered on behalf of Defendant American Medical Response of Connecticut, Inc ("AMR CT"), and its corporate parents Global Medical Response ("GMR") and American Medical Response, Inc. ("AMR"), but moves to dismiss the 132 unconnected subsidiary companies. **Ex. A**. Singh has no legal or factual basis for naming these individual subsidiary companies ("Defendants' Subsidiaries") as the integrated enterprise theory of relief does not apply to parallel entities where there is no evidence they exercised control over the plaintiff's employment. Singh's claims against these subsidiaries should also be dismissed because he filed his charge of discrimination only against AMR CT, and, therefore, failed to exhaust his administrative requirement against Defendants' Subsidiaries. As such, Defendants respectfully request that this Court dismiss Defendants' Subsidiaries from Singh's claims, leaving only his claims against the parent companies, AMR and GMR, and the entity for which he actually worked, AMR CT.

## BACKGROUND

This case initially was brought by the United States Equal Employment Opportunity Commission ("EEOC") alleging that Defendants have engaged in unlawful employment practices in violation of Title VII and Americans with Disabilities Act ("ADA"). The EEOC filed its complaint against Defendants on September 29, 2022. ECF No. 1. On December 28, 2022, Singh filed his Motion to Intervene, which was granted. ECF No. 26, 31. On January 25, 2023, Singh

filed his complaint naming 136 total Defendants. ECF No. 36.

On January 9, 2023, Defendants emailed counsel for Singh and explained Defendants' position that Singh cannot state a cognizable claim against Defendants' Subsidiaries because Singh never was employed by those Defendants. Defendants reiterated this argument at the scheduling conference in this action on February 6, 2023,[2] when the Court explicitly stated that it will not entertain frivolous claims and welcomes motions under the principles of F.R.C.P. 1.

During the scheduling conference, Singh's counsel informed the Court that he only *intends* to target two entities (*e.g.*, Defendants' parent(s) and Singh's employer). In anticipation of Defendants responsive pleading date, Defendants' counsel contacted Plaintiff Singh's counsel to confirm that they would withdraw their claims against Defendants' Subsidiaries. However, on February 13, 2023, counsel for Singh indicated that he was going to maintain his suit against all entities based on an integrated enterprise theory. Unable to obtain Singh's agreement, Defendants filed and now must re-file this Motion to Dismiss against all Defendants' Subsidiaries.

## **ADDITIONAL PROCEDURE**

1. Plaintiff-Intervener Singh filed his complaint in intervention against 136 entities on January 25, 2023. On February 17, 2022, 128 Defendant subsidiaries filed their Motion to Dismiss ("MTD") Plaintiff/Intervenor's Complaint for failure to state a claim. [ECF No. 45].

2. At the time of the filing, Defendants said it did not represent 5 of the 134 Subsidiaries. *Id.* fn. 2-3.

[2] Defendants also advised that over 60 subsidiaries are holding companies and some subsidiaries have no applicability of the Respiratory Protection Policy.

3. On March 13, 2023, Plaintiff responded to Defendants' MTD, which was fully briefed. [ECF No. 49].

4. Between March 21-24, 2023, both EEOC and Singh sought to amend their complaints, to fix spelling errors with respect to four named Defendant subsidiaries. [ECF No. 50, 56]. One entity was withdrawn.

5. Defendants did not oppose EEOC's Motion but objected to Singh's Motion due to the pending MTD. *Id.* This Court granted both Motions and Plaintiffs filed their first amended complaints, respectively. [ECF Nos. 52, 57, 60, 63].

6. On March 30, 2023, Defendants waived service upon four subsidiaries added by Plaintiff EEOC. [ECF No. 62]. These are the same four subsidiaries Singh added to his first amended complaint. [ECF No. 63].

7. On April 10, 2023, Defendants filed its answer to EEOC's Amended Complaint. [ECF No. 66].

## **<u>FACTUAL ALLEGATIONS</u>**[3]

1. Singh was hired to work for AMR of Connecticut, Inc. ("AMR CT") as a paramedic, around November 2020. ECF No. 36, *Compl.* ¶¶50-64. Plaintiff did not allege that Singh applied or worked for any other Defendant subsidiaries. *See generally, Compl.* ¶¶1-64.

2. On May 10, 2021, Singh filed his Charge of Discrimination with the Connecticut Commission on Human Rights and Opportunity ("CHRO") against AMR CT *only*, alleging race, color, national origin and religious discrimination. *Id.* at ¶24. **Exhibit B**, Charge. This Charge was

[3] Defendants accept any well-plead allegations in the Complaints as true for the purposes of this Motion to Dismiss but does not waive its rights to challenge the allegations asserted and raise all applicable affirmative defenses.

later transferred to the EEOC.

3. On February 23, 2022, the EEOC issued its cause finding that Singh was denied reasonable accommodation and discharged Singh due to his religion. *Compl*. at ¶25. The EEOC did not find cause on Singh's race, color and national origin claims. *Id.*

4. On December 23, 2022, CHRO issued Singh a release of jurisdiction, identifying only Defendant, AMR CT. *Compl*., Exhibit 1.

## ARGUMENT

Plaintiff Singh fails to state a legally sufficient claim as to Defendants' Subsidiaries pursuant to Fed. R. Civ. P. 12(b)(6). To survive a 12(b)(6) motion, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[M]erely conclusory" allegations "are not entitled to the presumption of truth." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not stated a plausible claim. *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quotations omitted).

### I. Singh Has Failed to Sufficiently Plead the Elements of Integrated Enterprise as to Defendants' Subsidiaries.

Only "employers" under the definition of Title VII can be properly named as Defendants in a Title VII claim, such as that present in the instant case. *Lockard v. Pizza Hut, Inc.*, 162 F.3d 1062, 1069 (10th Cir. 1998). The Tenth Circuit has noted that the "doctrine of limited liability creates a strong presumption that a parent company is not the employer of its subsidiary's employees, and the courts have found otherwise only in extraordinary circumstances." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993) Under only certain circumstances, a plaintiff

may bring name the parent of plaintiff's actual employer as Defendant. In such a situation, the Tenth Circuit has applied the integrated "enterprise test," to determine whether both entities —the parent and subsidiary—should be considered the plaintiff's employer under Title VII. *Id.* at 1069-70; *see also Knitter v. Corvias Military Living, LLC*, 758 F.3d 1214, 1226 (10th Cir. 2014). "Whether an entity is an employer under Title VII usually arises as an issue . . . where a plaintiff, who is directly employed by a subsidiary wishes to hold the *parent* company liable for the discriminatory conduct of its subsidiary's employees." *Lockard*, 162 F.3d at 1069 (emphasis added).

To establish an integrated enterprise, the court applies the single employer test. *Knitter*, 758 F.3d at 1226. Under the single employer test, the court weighs four factors: (1) interrelations of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control. Centralized control of labor relations is the most important factor as courts narrowly focuses on which entity *made the final decision* in employment decision related to the person claiming discrimination. *Id.* at 1227 (emphasis added)*; Levington v. City of Colorado Springs,* 643 F.3d 719, 732, n. 9 (10th Cir. 2011); *Bristol v. Board of Cty. Comm'rs of Cty of Clear Creek*, 312 F.3d 1213, 1220 (10th Cir. 2002).

Here, Plaintiff fails to plead facts sufficient to state a claim that Defendants' Subsidiaries meet the integrated enterprise test adopted by this Circuit. Plaintiff does not allege that operations, labor relations or common management exist between any of Defendants' Subsidiaries and Singh's actual employer, AMR CT. Instead, Plaintiff makes unsubstantiated, conclusory statements that

all the subsidiaries act as one entity. *See generally, Compl.* ¶¶11-23.[4]

Courts within this District and Circuit have dismissed defendant entities when a plaintiff has not sufficiently plead facts that a defendant was specifically a part of an "integrated enterprise" under the four-factor test. *Thornton v. JOBEC, Inc.*,18-cv-00713-PAB-SKC, 2019 U.S. Dist. LEXIS 20821 *7 (D. Colo. Feb. 8, 2019) ("plaintiff has not pled facts that plausibly allege that defendants are an integrated enterprise, and that there are no allegations otherwise linking the McDonald's defendants to her claims"); *McLaughlin v. Owasso Wings, LLC,* No. 20-CV-64-TCK-CDL, 2021 U.S. Dist. LEXIS 226640, at *7-8 (N.D. Okla. Nov. 24, 2021) (granting motion to dismiss where "Plaintiff does not allege that BWW participated in any of Owasso Wings' employment-related decisions (such as the hiring of Hamilton), directed any aspect of Plaintiff's work performance, paid her wages, or that the two entities shared financial control or had common officers and directors"); *Rosenberg v. Deutsche Bank AG,* 11-cv-02200-WJM-CBS, 2012 U.S. Dist. LEXIS 77272, *18 (D. Colo. May 22, 2012) (recommending (later granted) granting motion to dismiss where plaintiff provided no facts that subsidiaries are not separate and distinct).

Plaintiff only offers vague and conclusory assertions that Defendants are an integrated enterprise because (1) Defendants have a shared policy; (2) Defendants have a shared initial homepage for AMR's website;[5] and (3) Defendants have three alleged common and shared officers. *Id.* at 14, 18, 21. This is inadequate to add more than 100 subsidiaries into Plaintiff's claims. *See Lockhard,* 162 F.3d at 1071 ("The existence of [one's entity's] policy is not enough

[4] Throughout Plaintiff's complaint, he refers to the 132 individualized companies as "subsidiaries," and does not differentiate any subsidiary but-for AMR CT.
[5] Plaintiff admits that it is only the homepage, as each subsidiary has its own website. *See Compl.*, ¶18.

to demonstrate [one's entity] centralized control of [another entity's] labor relations."). *Ray v. Core Carrier Corp.*, 20-CV-02448-JAR-TJJ, 2021 U.S. Dist. LEXIS 60684 *15 (D. Kan. Mar. 30, 2021); *Thornton*, 2019 U.S. Dist. LEXIS 20821, at *6 (while "plaintiff does allege that defendants share common ownership, 'this factor, standing alone, can never be sufficient to establish parent liability.' Without more, the Court cannot conclude that the complaint plausibly alleges that defendants are a single employer.").

Plaintiff particularly cannot show that any of Defendants' Subsidiaries had any control over the labor decisions at AMR CT. *See Frank*, 3 F.3d at 1363 (control is the day-to-day employment decisions; control is evaluated as "what entity made the final decisions regarding employment matters related to the person claiming discrimination?"). The absence of well pled facts showing control was fatal to the plaintiff's claims in *Thornton*. The Court found that "plaintiff has not alleged facts plausibly indicating that the defendants had centralized control of labor relations, which is the most important factor." *Thornton*, 2019 U.S. Dist. LEXIS 20821, at *5.

Singh admits he applied and was hired for AMR CT and not any of the other subsidiaries. *Compl.* ¶50-64. Singh admits he only communicated and dealt with AMR CT and its' parents, GMR or AMR, when seeking his accommodation. *Id.* ¶16. Nowhere in his complaint does it state that any of the subsidiaries controlled the actions, operations, or functions of GMR, AMR or AMR CT. Simply put, Plaintiff has not and cannot state a claim for integrated enterprise against Defendants' 128 subsidiaries. Thus, his claims against Defendants' Subsidiaries fail.

Singh further fails in his attempt to create a new lateral variation of integrated enterprise by bringing claims against Defendants' Subsidiaries. The integrated enterprise test is applied vertically not laterally. *Frank*, 3 F.3d at 1362 (courts apply the integrated enterprise test to

determine "whether *a parent* is liable for the acts of its subsidiary")(emphasis added); *Ray*, 2021 U.S. Dist. LEXIS 60684, at *16 ("To satisfy the control prong, a *parent* must control the day-to-day employment decisions of the *subsidiary.*") (emphasis added). Centralized control of labor relations is evaluated through lens of the parent's (not the subsidiary's) control of the day-to-day employment decisions of the subsidiary. *Frank*, 3 F.3d at 1363.

For the reasons set forth above, Singh's claims against Defendants' Subsidiaries should be dismissed.

## II. Singh Failed to Properly Exhaust His Administrative Requirement Against Defendants' Subsidiaries.

Exhaustion of administrative remedies is a prerequisite to suit under Title VII. *Apsley v. The Boeing Company*, 691 F.3d 1184, 1210 (10th Cir. 2012); *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1163 (10th Cir. 2007); 42 U.S.C. 2000-e-5(e)(1). Administrative remedies must be exhausted to each instance of discrimination. *Apsley*, 691 F.3d at 1210. Failure to exhaust deprives the court of subject matter jurisdiction. *Id.*

Singh filed his underlying charge of discrimination with CHRO only against AMR CT on May 10, 2021. **Ex. B**. At no time did Plaintiff amend his charge to include any of Defendants' Subsidiaries. In addition, Singh's right to sue letter issued by the CHRO provided Singh with the right to sue only AMR CT. *Compl.*, Exhibit 1. Since none of Defendants' Subsidiaries were included in Singh's Charge or in the right to sue letter, Singh's claims should be dismissed because he failed to exhaust his administrative requisites necessary to satisfy a condition precedent to suit.

## CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court dismiss Plaintiff Singh's First Amended Complaint against Defendants' Subsidiaries (as identified in **Ex. A**) with prejudice, action, and for such further relief as the court deems just and appropriate.

Respectfully submitted this 13th day of April, 2023.

JACKSON LEWIS, P.C.

*s/ Richard J. Mrizek*
Richard J. Mrizek
150 North Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Richard.Mrizek@jacksonlewis.com

Timothy M. Kratz
Tiffany E. Alberty
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile: (303) 892-5575
Timothy.Kratz@jacksonlewis.com
Tiffany E. Alberty@jacksonlewis.com

*Attorneys for GMR/AMR Defendants*

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of April, 2023, a true and correct copy of the foregoing **DEFENDANTS' PARTIAL MOTION TO DISMISS SINGH'S FIRST AMENDED COMPLAINT** was filed and served electronically via CM/ECF, addressed to the following:

Steven A. Wagner
Fahad A. Khan
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
100 Alabama Street, Suite 4R30
Atlanta, GA 30303
Steven.wagner@eeoc.gov
Fahad.khan.@eeoc.gov
*Attorneys for Plaintiff*
Edward Buckley
BUCKLEY BALA WILSON MEW LLP
600 Peachtree Street NE, Suite 3900
Atlanta, GA 30308
edbuckley@bbwmlaw.com
*Attorneys for Plaintiff Singh*

Amrith Kaur Aakre
Giselle Klapper
The Sikh Coalition
165 Broadway Street, Office 2359
New York, NY 10006
amrith@sikhcoalition.org
giselle@sikhcoalition.org
*Attorneys for Plaintiff Singh*

Rachel E. Ellis
Livelihood Law, LLC
12015 E. 46th Avenue, Suite 240
Denver, CO 80239
ree@livelihoodlaw.com
*Attorney for Plaintiff Singh*

s/ *Christopher D. Trujillo*
for Jackson Lewis P.C.