## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:22-cv-02544-DDD-SBP

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

      Plaintiff,

v.

RAVINDER SINGH,

      Plaintiff/Intervenor,

v.

GLOBAL MEDICAL RESPONSE, INC. et al.,

      Defendants.

---

### GLOBAL MEDICAL RESPONSE, INC. ET AL.'S MOTION TO QUASH SUBPOENAS DUCES TECUM TO PRODUCE, OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER

---

Defendants, Global Medical Response ("GMR"), et al ("collectively "Defendants"), by and through counsel, Jackson Lewis P.C., hereby submit this Motion to Quash Plaintiff Equal Employment Opportunity Commission's  ("EEOC") subpoenas duces tecum issued to ACE American Insurance Company ("Ace American"), ACE Fire Underwriters Insurance Company ("Ace Fire"), Indemnity Insurance Company of North America ("Indemnity"), Lloyd's America, Inc. ("Lloyd's"), National Union Fire Insurance Company of Pittsburgh, Pa. ("National"), and Woodruff-Sawyer & Co., Paracorp of California, Inc. ("Woodruff-Sawyer") (collectively "the Insurance Entities").

These subpoenas seek private financial and proprietary information not relevant to any issues in this case.  In support of their Motion, Defendants states the following:

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel has conferred with counsel for Plaintiff EEOC regarding the relief requested in this motion.  Plaintiff EEOC opposes the relief requested herein.

## BACKGROUND

This case initially was brought by the EEOC alleging that Defendants have engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). The EEOC filed its complaint against GMR and 110 subsidiaries on September 29, 2022. [ECF No. 1].  Most these other 110 are individual GMR and AMR locations that provide local paramedic services.[1] The EEOC alleges that Defendants failed to provide alternatives to its N-95 masking requirement to male applicants or employees with beards as a reasonable accommodation to GMR's respiratory protection policy ("RPP") for claimed religious or disability-related reasons. The EEOC claims GMR's alleged failure to accommodate constitutes religious discrimination in violation of Title VII and/or disability discrimination in violation of the ADA. The EEOC's complaint names seven claimants. These seven individuals filed EEOC charges against GMR and its subsidiaries alleging religious or disability discrimination for failure to provide accommodations from the RPP.

---

[1] Some of the named Defendants employ *no* employees.  GMR's counsel has approached EEOC about dismissing these Defendants since they have no employees and is hopeful an agreement can be reached to have these entities removed from the case.

On January 25, 2023, one of the original charging parties who filed a charge of discrimination, Ravinder Singh, filed his complaint in intervention alleging (1) failure to accommodate religion, (2) retaliation, (3) religious discrimination, (4) race/national origin discrimination, (5) 1981 discrimination claims and (6) mirrored state claims under Connecticut law to Title VII. While Mr. Singh filed his complaint against all 111 defendants, GMR moved to dismiss entities unconnected with Singh's employment at a single location in Connecticut. The Court granted GMR's MTD and the only defendants named in Singh's complaint is his former employer, American Medical Response of Connecticut, Inc. ("AMR CT"), American Medical Response, Inc. ("AMR"), and Global Medical Response ("GMR"). The parties are currently engaging in discovery. No depositions have been taken.

On July 9, 2024, Plaintiff's counsel sent notice of its intent to serve subpoenas on the following non-parties: Ace American, ACE Fire Underwriters Insurance Company, Indemnity, Lloyd's, National, and Woodruff-Sawyer. The subpoenas are attached hereto as **Exhibit A**. Plaintiff subsequently served the subpoenas on July 9, 2024. All six of the subpoenas seek documentation on the following categories:

> (1) insurance policies, binders, certificates of insurance, or any similar documents in which Global Medical Response, Inc., American Medical Response, Inc., NRC-AMR Holdco, or any entity listed on Attachment "1" appears as the insured, as a beneficiary, or as the entity to be billed or which has paid for any type of insurance policy written by, issued by, or related to you between January 1, 2018 through today.

> (2) all documents showing the identity of the entity who paid the premiums or received money because of the insurance policies referenced in request number 1.

> (3) all communications, including but not limited to, letters, emails, and online communications, between you and Global Medical Response, Inc., American Medical Response, Inc., NRC-AMR Holdco, or any entity listed on Attachment

"1", related to the purchase of, payment for, or solicitation or negotiation of, any insurance product sold or issued by you. To assist in the search for responsive emails, emails used by the Defendant include emails that end in @amr.net and @gmr.net.

*See* **Ex. A**.  The information sought does not seek information related to insurance coverage in this case which has already been produced by Defendants.

On July 10, 2024, counsel for Defendants meet and conferred with counsel for EEOC about these subpoenas over videoconference. Defendant's counsel informed EEOC counsel that the information sought was sensitive financial and commercial information and not relevant to the claims in this case.  EEOC insisted that the agency believe that the subpoenaed information was relevant to integrated enterprise issues.

The subpoenaed information has no connection to Plaintiff's claims against Defendants. For the reasons explained in detail below, Defendants respectfully request that the Court quash the Subpoenas or enter a protective order precluding Plaintiff from discovering protected information.

## ARGUMENT

Plaintiff EEOC's subpoenas to Defendants' insurers seeks private financial and proprietary information not relevant to this case and should be quashed. Rule 45 of the Federal Rules of Civil Procedure both authorizes and circumscribes the scope of subpoenas. Under Rule 45(d)(1), "A[n] attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden…on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). The Court must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). Rule 45(d)(3)(B)(i) further provides that a court "may on motion, quash or modify the subpoena if it requires…disclosing a trade secret or other confidential research, development, or commercial information. Fed. R. Civ. P. 45(d)(3)(B)(i).

Further, "[A] subpoena is bound by the same [Rule 26] standards that govern discovery between the parties, and, to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses and proportional to the needs of the case." *Oransky v. Martin Marietta Materials, Inc.*, 2018 U.S. Dist. LEXIS 250134, at *1 (D. Colo. Sept. 7, 2018). Under Rule 26(b)(2)(C)(i), the Court must limit discovery when it is "unreasonably cumulative or duplicative or can be obtained from some other source that is more convenient [or] less burdensome." Fed. R. Civ. P. 26(b)(2)(C)(i). To determine if a subpoena is unduly burdensome, a court can consider non-party status, relevance, the issuing party's need for the discovery, and the breadth of the request. *Oransky*, 2018 U.S. Dist. LEXIS 250135, at *1.

Here, the Subpoenas issued to the Insurance Entities requests documents and information that is overbroad, unduly burdensome, and oppressive. Further, the Subpoenas seek private financial and proprietary information on GMR and hundreds of subsidiaries through non-party production. For example, Request 1 requests "[a]ll insurance policies, binders, certificates of insurance, or any similar documents in which [GMR]… or any entity listed on Attachment '1' appears as the insured…beneficiary…or as the entity billed to be billed or which has been paid." Request 1 seeks every document from January 1, 2018, through the present for over one hundred entities for which GMR and its subsidiaries are the insured or beneficiary. Request 1 therefore is an improper "blockbuster" production request that imposes undue burden, cost, and delay on Defendants and the Insurance Entities.

Additionally, Request 1 seeks confidential and/or proprietary commercial information on GMR and its subsidiaries. The documents set forth in Request 1 relating to any insurance policy or binder issued to GMR or its subsidiaries would contain confidential and/or proprietary

information, about policies that have nothing to do with Plaintiff's claims in this case. GMR has

already produced the relevant insurance policy information pertinent to the claims in this case and

Plaintiff's Request 1 is a fishing expedition to obtain non-relevant and confidential information of

GMR and its subsidiaries.

Request 2 casts a similarly unbelievably wide net: "All documents showing the identity of

the entity who paid the premiums or received money because of the insurance policies referenced

in request number 1." Like Request 1, Request 2 could quite literally read that these Insurance

Entities provide <u>any document</u> in existence relating to the premiums paid or issued on behalf of

the hundreds of entities listed on Attachment "1," without any limited scope on the type of policies,

or how they relate to the claims at issue in this case. Such a Request also asks for confidential

and/or proprietary commercial information that is not relevant to the claims by Plaintiff. Plaintiff's

Request 2 is overly invasive to highly sensitive information. Moreover, conducting a search of

over one hundred entities over a seven-year period for premiums paid or issued to GMR or its

subsidiaries with unlimited scope is unduly burdensome.

As a further example, Request 3 – which requests "all communications, … between you

and [GMR] … or any entity listed on Attachment '1' related to the purchase of, payment for, or

solicitation or negotiation of any insurance product sold or issued" – likewise is an improper

"blockbuster" request that subjects the to an undue burden. *E.g.*, *Bat v. A.G. Edwards & Sons, Inc.*,

2005 WL 6776838, 2005 U.S. Dist. LEXIS 47995, at *29 (D. Colo. Nov. 18, 2005) (denying

motion to compel regarding requests for production seeking "'all e-mails concerning Ms. Bat,'"

"'all Action Plans for all AGE employees in the Western Region for 2002 and 2003,'" and "'all

drafts and other versions of each written communication from AGE to Ms. Bat or concerning Ms.

6

Bat in 2002 and 2003'"; "The indiscriminate use of blockbuster production requests, such as these, calling for all possible information impose undue burden, cost, and delay, and are objectionable.") (citing *Hilt v. SFC, Inc.*, 170 F.R.D. 182, 186-87 (D. Kan. 1997)). Just as with Request 1 and 2, Request 3 encompasses a search for hundreds of thousands of communications for the entities listed in Attachment 1 without limit and has no bearing on the claims at issue in this case. Disclosure of any and all communications or documents relating to any insurance policy or premium would be extremely harmful to Defendants.

These subpoenas seek confidential and/or proprietary commercial information belonging to Defendants and such disclosure would be harmful to Defendants. Since Defendants can show that they would be harmed by disclosure of the protected confidential and/or proprietary commercial information, Plaintiff must then show a "substantial need" for such information and that disclosure of the protected information is "both relevant and necessary." *Echostar Commc'ns Corp. v. News Corp.*, 180 F.R.D. 391, 394 (D. Colo. 1998) (quoting *R & D Business Systems*, 152 F.R.D. at 197).

Plaintiff cannot make a showing of "substantial need" as to how the requested documentation is relevant or necessary to its claims. First, Plaintiffs served the Subpoenas on the non-party Insurance Entities before it has deposed any witnesses in this case. That Plaintiff has not taken any depositions before serving the Subpoenas shows it cannot claim "it has a substantial need to obtain the materials from" the non-party Insurance Entities. *Id.* at 395 (citing *Bada Co. v. Montgomery Ward*, 32 F.R.D. 208, 209-10 (S.D. Cal. 1963)). Second, Plaintiffs served these sensitive and burdensome subpoenas before resolving the parties' dispute as to the scope of discovery on integrated enterprise issues. Though they have moved to compel further discovery

from Defendant related to integrated enterprise issues, they served these subpoenas (with only a few hours advance notice), before the matter has been briefed and before the Court has ruled on this issue.

Furthermore, the requested documents and information has little, if any, relevance to Plaintiff's claims against Defendants. Plaintiff does not need documents and information related to <u>ANY</u> insurance policies and premiums issued to GMR or any of its subsidiaries to prove Defendants allegedly violated Title VII or the ADA. *See id.* Moreover, the Insurance Entities are not parties to the litigation and the information sought in the subpoenas is broadly stated and seeks information not relevant to the claims and defenses. *See Echostar,* 180 F.R.D. at 394 (the status of an entity as a non-party weighs against disclosure); *see also Northmarq Fin., LLC v. Fid. Nat'l Title Ins. Co.*, 2023 U.S. Dist. LEXIS 233186, at *6-7 (D. Colo. Dec. 15, 2023) (granting the motion to quash a third-party subpoena where the subpoena sought materials not relevant to the claims or defenses).

Additionally, the subpoenaed documents and information are not relevant to EEOC's purported integrated enterprise argument. To establish an integrated enterprise, the Tenth Circuit instructs courts to apply the single employer test weighing four factors: (1) interrelations of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership and financial control. Centralized control of labor relations is the most important factor as courts narrowly focuses on which entity *made the final decision* in employment decision related to the person claiming discrimination. *Id.* at 1227 (emphasis added)*; Levington v. City of Colorado Springs,* 643 F.3d 719, 732, n. 9 (10th Cir. 2011); *Bristol v. Board of Cty. Comm'rs of Cty of Clear Creek,* 312 F.3d 1213, 1220 (10th Cir. 2002).

Here, the subpoenaed documents and information are wholly unrelated and irrelevant to any factor the court analyzes when determining whether entities pass the single employer test. The requested documents and information related to insurance policies and premiums issued to GMR or any of its subsidiaries are not relevant to the integrated enterprise analysis as this information does not relate to whether operations, labor relations or common management exist between any of Defendants' subsidiaries. *See id.* For instance, the requested documents and information are not relevant to whether any of Defendants' Subsidiaries had any control over the labor decisions.

Moreover, any minimal relevance the requested documents and information may have to Plaintiff's claims against Defendants is most certainly outweighed by the potential harm that would occur from disclosure of such documents and information and the burden to Defendants' insurance providers. To allow Plaintiff the ability to seek thousands of documents entirely unrelated to any of the claims at issue would cause immense harm to Defendants. The Court should accordingly quash the Subpoenas pursuant to Rule 45(d)(3)(A)(iv).  The Subpoenas are an improper attempt to discover protected non-relevant information of Defendants. "'It is axiomatic that a party cannot take discovery for purposes unrelated to the lawsuit at hand.'"  *Echostar*, 180 F.R.D. at 396 (quoting *Jennings v. Peters*, 162 F.R.D. 120, 122 (N.D. Ill. 1995)); *Davita, Inc. v. UnitedHealthcare of Fla., Inc.*, No. 16-mc-00201-WJM-KMT, 2016 U.S. Dist. LEXIS 195746, at *4 (D. Colo. Nov. 14, 2016) (quoting *id.*).  Thus, "[c]ourts have authority under the rules to 'confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims not already identified in the pleadings.'" *Davita, Inc.*, 2016 U.S. Dist. LEXIS 195746, at *4 (citing *Energy Intelligence Grp., Inc. v. Wells Fargo Sec., LLC*, 2012 WL 370252, at *1 (D. Colo. Feb. 3, 2012)). As the *Echostar*

court found, the EEOC's Subpoenas on the non-party Insurance Entities are "extremely broad, of very marginal relevance, if any, and obviously burdensome." 180 F.R.D. at 396.  Accordingly, the Court should quash the Subpoenas issued to the Insurance Entities to stop Plaintiff's improper fishing expedition.

Alternatively, if the Court were to deem the requested information potentially relevant, Defendants request entry of a protective order that requires a neutral third party review all produced documentation provided by the Insurance Entities for relevance and redaction before disclosure to the Parties in order to limit the scope of the information produced.  This would provide some protection to unwarranted production of confidential and sensitive commercial information.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that the Court quash the Subpoenas issued to the Insurance Entities or, in the alternative, enter a protective order, to preclude Plaintiff from seeking any documents until a neutral third-party reviews and redacts any produced documentation to limit its scope before disclosure to both parties. Further, Defendants respectfully request that the Court grant such other and further relief the Court deems just and proper under the circumstances, including, without limitation, awarding Defendants' their reasonable attorneys' fees and costs, as allowed by applicable law, incurred in connection with this motion.

10

Respectfully submitted this 16th day of July, 2024.

JACKSON LEWIS, P.C.

*s/ Richard J. Mrizek*
Richard J. Mrizek
150 North Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone: (312) 787-4949
Richard.Mrizek@jacksonlewis.com

Veronica T. Hunter
717 Texas Avenue, Suite 1700
Houston, Texas 77002
Telephone: (713) 650-0404
Veronica.Hunter@jacksonlewis.com

Michael J. Breaker
Kendall F. Merrill
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone:  (303) 892-0404
Facsimile:   (303) 892-5575
Michael.Breaker@jacksonlewis.com
Kendall.Merrill@jacksonlewis.com

*Attorneys for GMR/AMR Defendants*

## CERTIFICATE OF SERVICE

I certify that on this 16th day of July 2024, a true and correct copy of the foregoing, **GLOBAL MEDICAL RESPONSE ET AL.'S MOTION TO QUASH SUBPOENAS DUCES TECUM TO PRODUCE, OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER** was filed and served electronically via CM/ECF, addressed to the following:

Steven A. Wagner
Fahad A. Khan
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
100 Alabama Street, Suite 4R30
Atlanta, GA 30303
Steven.wagner@eeoc.gov
Fahad.khan@eeoc.gov
*Attorneys for Plaintiff*

11

Edward Buckley
Anita K. Bala
Kathleen B. Kacynski
BUCKLEY BALA WILSON MEW LLP
600 Peachtree Street NE, Suite 3900
Atlanta, GA  30308
edbuckley@bbwmlaw.com
abala@bbwmlaw.com
kkacynski@bbwmlaw.com

Giselle Klapper
Sahel K. Sra
THE SIKH COALITION
165 Broadway Street, Office 2359
New York, NY 10006
giselle@sikhcoalition.org
sahel@sikhcoalition.org

Rachel E. Ellis
Livelihood Law, LLC
12015 E. 46th Avenue, Suite 240
Denver, CO 80239
ree@livelihoodlaw.com
*Attorney for Plaintiff -Intervenor Singh*

Justin Scott
Zachary Panter
RADFORD SCOTT
315 W. Ponce de Leon Avenue, Suite 1080
Decatur, GA 30030
jscott@radfordscott.com
zpanter@radfordscott.com
*Attorneys for Plaintiff Dhanota*

s/ Arianna N. Cooper
for Jackson Lewis P.C.
