IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02544-DDD-SBP

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

RAVINDER SINGH,

    Plaintiff/Intervenor, and

INDER DHANOTA,

    Plaintiff/Intervenor,

v.

GLOBAL MEDICAL RESPONSE, INC., *et al.*,

    Defendants.

## ORDER REGARDING DISCOVERY DISPUTES
## AND MOTION FOR STATUS CONFERENCE

**Susan Prose, United States Magistrate Judge**

    This matter is before the court on Plaintiffs' Unopposed Motion for Status Conference, ECF No. 131, which asks the court to set a status conference to discuss various discovery issues. The court declines to set a status conference at this time. The court will decide whether a hearing or status conference is necessary after it receives from the parties a single Joint Discovery Brief ("JDB"), outlining the complete scope of the parties' remaining discovery disputes. By means of the JDB, the court intends to resolve **all** existing discovery disputes between the parties.

    As an initial matter, based on the record at this point, the court is unable to discern

1

precisely what discovery disputes remain and what new disputes have emerged. However, in light of the apparent multiplicity and complexity of the parties' disagreements, the court deems it appropriate to assist the parties by setting forth specific requirements for the conferral process preceding the submission of the JDB.

To begin the process, the parties shall confer by January 31, 2025, to discuss all extant discovery disputes and to develop a complete list of all unresolved disputes. Following that, on or before February 14, 2025, Plaintiffs shall prepare a written statement delineating their position and supporting arguments with respect to each dispute. **Plaintiffs shall also propose a compromise regarding each dispute**.

Defendants shall then have until February 28, 2025, to review Plaintiffs' positions and arguments and to prepare a written response for Plaintiffs' review. As with Plaintiffs' statement, Defendants shall articulate their position and supporting argument with respect to each dispute and **shall propose their own compromise regarding each dispute**. Any argument that a discovery request is overly burdensome must attempt to quantify the burden on Defendants of responding to that particular request.

Plaintiffs shall have until March 10, 2025, to reply to Defendants' positions and arguments and file the JDB on the court's docket. Plaintiffs shall respond to each compromise proposed by Defendants and explain why it is insufficient.

The court will not consider any previously-submitted discovery statements and will look only to the JDB for the parties' competing positions and arguments on each discovery issue. The court does not impose a page- or word-limit on the JDB, trusting that the parties will exercise their best judgment to provide only the information necessary to allow the court to resolve each

dispute. The parties may utilize a format of their choosing in presenting the JDB. For example, the parties might prepare a chart reflecting the parties' positions on each issue. Regardless of the format, the JDB should follow an issue-by-issue approach, describing the parties' respective positions on each dispute, moving to the next dispute, and so on. The parties may attach documents and other information they deem necessary for the court to consider.

The court therefore respectfully **DENIES without prejudice** the Motion for Status Conference (ECF No. 131) and further **ORDERS** the submission of a JDB in accordance with the foregoing specifications.[1]

DATED: January 17, 2025                             BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

[1] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").